**BRYAN T. DAKE**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin Courthouse**
**2601 Second Avenue North, Suite 3200**
**Billings, MT 59101**
**Phone: 406-657-6101**
**Fax: 406-657-6058**
**Email:  Bryan.Dake@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**CODY KENT ELKSHOULDER,**<br><br>Defendant. | **CR 18-62-BLG-DLC**<br><br><br>**OFFER OF PROOF** |

### THE CHARGE

The defendant, Cody Kent Elkshoulder, is charged in the Indictment in Count I with Sexual Abuse of a Minor, in violation of 18 U.S.C. §§ 1153(a) and 2243(a) and Count II with Abusive Sexual Contact, in violation of 18 U.S.C. §§ 1153(a) and 2244(a)(3).

## PLEA AGREEMENT

The defendant has indicated he will plead guilty to the indictment without benefit of a written plea agreement.  The motion for change of plea filed with the Court represents, in the government's view, the most favorable disposition of the case against the defendant.  *See, e.g., Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS

In order for the defendant to be found guilty of Sexual Abuse of a Minor as charged in Count I of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant is an Indian person;

Second, the crime occurred within the exterior boundaries of the Northern Cheyenne Indian Reservation;

Third, the defendant knowingly engaged in a sexual act with M.L.;

Fourth, M.L. had reached the age of twelve years but had not yet reached the age of sixteen years; and

Fifth, M.L. was at least four years younger than the defendant.

"Sexual Act" means "contact between the penis and the vulva…contact involving the penis occurs upon penetration, however slight."  18 U.S.C. § 2246(2)(A).  "Sexual Act" also means "the intentional touching, not through the clothing, of the genitalia of another person, who

has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person".  18 U.S.C. § 2246(2)(D).

In order for the defendant to be found guilty of Abusive Sexual Contact as charged in Count II of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant is an Indian person;

Second, the crime occurred within the exterior boundaries of the Northern Cheyenne Indian Reservation;

Third, the defendant knowingly engaged in sexual contact with M.L.;

Fourth, M.L. had reached the age of twelve years but had not yet reached the age of sixteen years; and

Fifth, M.L. was at least four years younger than the defendant.

"Sexual Contact" means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade ,or arouse or gratify the sexual desire of any person".  18 U.S.C. § 2246(3).

## PENALTY

Count I of the Indictment carries a maximum punishment of fifteen years imprisonment, a $250,000 fine, at least five years of supervised release, and a $100

special assessment.  Count II of the Indictment carries a maximum punishment of

two years imprisonment, a $250,000 fine, at least five years supervised release, and

a $100 special assessment.  Both counts also carry a mandatory $5,000 special

assessment pursuant to the Justice for Victims of Trafficking Act of 2015 (JVTA)

absent a finding that the defendant is indigent.  18 U.S.C. § 3014(a)(2).

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States

would prove the following:

In April of 2017, M.L. reported that she had sexual intercourse with the

defendant, Cody Elkshoulder, several months prior at Elkshoulder's father's house,

which is located within the exterior boundaries of the Northern Cheyenne Indian

Reservation.  M.L. was thirteen at the time of the sexual intercourse and at the time

of the disclosure.  This was vaginal intercourse.  M.L. reported that Elkshoulder

encouraged her to have sex with him and told her to "just try it once".  M.L. told

Elkshoulder that she was thirteen and Elkshoulder told her he wouldn't get in

trouble if she didn't tell anybody.  Elkshoulder took off her underwear and they

had sex.

During an interview in November of 2017, Elkshoulder admitted to law

enforcement that he had sexual intercourse with M.L. in December of 2016 or

January of 2017 when M.L. was thirteen.  He stated he knew her age at the time they had sex.  At the time, Elkshoulder was nineteen years old.

Both M.L. and Elkshoulder are enrolled members of the Northern Cheyenne Tribe.

DATED this 30th day of July, 2018.

KURT G. ALME
United States Attorney


*/s/  Bryan T. Dake*
BRYAN T. DAKE
Assistant U.S. Attorney