IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CODY KENT ELKSHOULDER,<br><br>Defendant. | CR 18-62-BLG-DLC-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Cody Kent Elkshoulder (Elkshoulder) has been accused of violating the conditions of his supervised release. Elkshoulder admitted the alleged violation. Elkshoulder's supervised release should be revoked. Elkshoulder should be placed in custody for 9 months, with no supervised release to follow.

## II. Status

Elkshoulder pleaded guilty to Sexual Abuse of a Minor on August 2, 2018. (Doc. 18). The Court sentenced Elkshoulder to 18 months of custody, followed by 5 years of supervised release. (Doc. 33). Elkshoulder's current term of supervised release began on November 3, 2021. (Doc. 60 at 2).

**Petition**

The United States Probation Office filed a Petition on November 16, 2021, requesting that the Court revoke Elkshoulder's supervised release. (Doc. 60). The Petition alleged that Elkshoulder had violated the conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release from prison.

**Initial appearance**

Elkshoulder appeared before the undersigned for his initial appearance on December 19, 2022. Elkshoulder was represented by counsel. Elkshoulder stated that he had read the petition and that he understood the allegations. Elkshoulder waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 19, 2022. Elkshoulder admitted that he had violated the conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release from prison. The violation is serious and warrants revocation of Elkshoulder's supervised release.

Elkshoulder's violation is a Grade C violation. Elkshoulder's criminal

history category is I. Elkshoulder's underlying offense is a Class C felony. Elkshoulder could be incarcerated for up to 24 months. Elkshoulder could be ordered to remain on supervised release for up to 52 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Elkshoulder's supervised release should be revoked. Elkshoulder should be incarcerated for 9 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Elkshoulder that the above sentence would be recommended to United States District Judge Dana L. Christensen. The Court also informed Elkshoulder of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Elkshoulder that Judge Christensen would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Cody Kent Elkshoulder violated the conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release from prison.

The Court **RECOMMENDS:**

That the District Court revoke Elkshoulder's supervised release and commit Elkshoulder to the custody of the United States Bureau of Prisons for 9 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 20th day of December, 2022.

John Johnston
United States Magistrate Judge

4